## HOUSING AUTHORITY OF THE CITY OF LITTLE ROCK, ARKANSAS *v.* LAWRENCE FISHER ET UX

Opinion delivered October 23, 1967

5-4291                                   419 S. W. 2d 606

*Smith, Williams, Friday & Bowen,* for appellant.

*Spitzberg, Bonner, Mitchell & Hays,* for appellees.

CONLEY BYRD, Justice. This is an eminent domain proceeding. Appellant, Housing Authority of the City

of Little Rock, Arkansas, contends that the $161,000 award in favor of appellees Lawrence Fisher and Faye Fisher is excessive, and that the trial court erred in awarding interest on the amount in excess of the $101,-081.26 deposit during the period appellees were entitled to collect rent on the property.

This action was initiated in circuit court on November 9, 1965. Upon deposit in the registry of the court of $101,081.26 as estimated just compensation, the Housing Authority was vested with fee simple title and immediate right of entry. Appellees, together with Black & White Cab Company, immediately filed motions contesting the Housing Authority's right to take the property and requesting that the matter be transferred to equity. After the transfer to equity, the parties compromised the issue concerning the Housing Authority's right to condemn the property by an order entered August 3, 1966, which provided:

"1. The defendants, Lawrence Fisher and Faye Fisher, are entitled to withdraw said total sum of $101,-081.26 without prejudice to their rights to have the amount of compensation to be paid by plaintiff to them for the acquisition of said parcel of real estate to be determined by the Court herein;

"2. The plaintiff has the right to acquire said parcel of real estate for the reasons and purposes set out in the plaintiff's Complaint herein;

"3. By reason of the fact that the defendants contested the right of the plaintiff to take the above described parcel, the plaintiff did not become entitled to collect any rents becoming due from said parcel until June 1, 1966, and defendants, Lawrence Fisher and Faye Fisher, are entitled to receive all rents which accrued prior to June 1, 1966;

"4. The defendant, Black & White Cab Company, shall pay the plaintiff rent at the rate of $500.00 per

month begining June 1, 1966, and ending when said defendant vacates said parcel, and said defendant shall vacate said parcel on or before November 1, 1967, unless plaintiff shall, in writing, extend the time within which said defendant shall occupy said parcel."

The property in question is located at 114 East Markham in Block 1 of the original City of Little Rock. It is 55½ feet wide from east to west and 140 feet deep from north to south. It fronts on both Bridge and Markham Streets. The Black & White Cab Company advertising on the two-story building on the property is visible from a number of downtown businesss such as hotels, bus stations and professional office buildings.

With respect to the value of the property, appellee Lawrence Fisher testified that in his opinion the highest and best use of the property was for the taxicab business, and that it was worth $200,000. Mr. Louis Cohen and Mr. Byron Morse were called as expert witnesses for appellees. Mr. Cohen testified that in his opinion the fair market value of the property was $166,000, based on both a comparable sales approach and an income approach. Mr. Byron Morse testified that he had considered both the comparable sales and the income approaches, but that he did not give particular weight to the comparable sales approach because of the difficulty in finding sales of comparable properties. Mr. Morse stated that the main thing he dwelt upon was the income approach, and that in his opinion the property would probably sell for $161,000.

The Housing Authority called as its expert witnesses Mr. William A. Payne, who testified that the market value, based on the comparable sales approach, was $83,000; and Mr. James H. Larrison, who testified that the market value, based on the comparable sales approach, was $84,000.

All the expert witnesses are admittedly competent real estate operators. The testimony of every witness

was to some extent discredited by expert testimony for the other side. The Housing Authority here intimates that a sale of property in Block 2 made by Ed I. McKinley and wife to appellees on April 1, 1965, for $55,000, is indicative of the market value of property in the area for comparable sales purposes. Of course, we can not accept this, because the record shows that the witnesses considered many sales and that some of them did not believe this sale a true arm's length transaction. Even if it were an arm's length transaction, it is still permissible for witnesses to consider it a bargain instead of representing the market price.

Little cross-examination was made of appellees' witness, Mr. Byron Morse. To attack the credibility of Mr. Morse's testimony here, the Housing Authority contends that the $1,000-a-month lease arrangement between Black & White Cab Company and the Fishers was not a bona fide transaction and that it was not representative of the rental value of the property. To substantiate its position, it points out that its witnesses estimate the rental value to be from $600 to $700 per month and that it was renting the property to the Black & White Cab Company at the time of trial for $500 per month. We find nothing in the record to show that the rental agreement between appellees and Black & White Cab Company was not an arm's length transaction. Nor can we assume that the $500-a-month arrangement between Black & White Cab Company and the Housing Authority is any more an indication of its fair rental value than the $1,000 paid to the Fishers.

Consequently, we are unable to say that the trial court's finding of a fair market value of $161,000 is contrary to a preponderance of the evidence.

We agree with the Housing Authority that under the record appellees are not entitled to interest on the excess judgment over the deposit during the time that they were entitled to collect rent from the property. See

*Arkansas State Highway Comm'n* v. *Muswick Cigar & Beverage Co.*, 231 Ark. 265, 329 S. W. 2d 173 (1959). Consequently, the judgment is modified to allow interest at the rate of 6% on the excess judgment from June 1, 1966.

The judgment is affirmed as modified.

Brown and Jones, JJ., dissent.